UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID GREENE,<br><br>       Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, *et al.*,<br><br>       Defendants. | Civ. No. 2:11-04220 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      This is a putative consumer class action involving tires. Plaintiff David Greene alleges that the Potenza Run Flat Tires ("Run Flats" or "the Tires") in his leased BMW 335i convertible (the "335i") provided Greene with an unreliable and dangerous ride. In a First Amended Complaint ("FAC"), Greene asserts claims for, *inter alia*, fraud, breach of warranty, and breach of contract against Defendants Bridgestone Americas Tire Operations LLC,[1] Bridgestone Americas Inc. (together "Bridgestone"), and BMW of North America, LLC ("BMW") (together "Defendants"). Defendants move to dismiss the FAC and to strike Greene's class allegations. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, BMW's motion to dismiss is **GRANTED IN PART**, and **DENIED IN PART**, and Bridgestone's motion to dismiss is **GRANTED IN PART**, and **DENIED IN PART**. BMW's motion to strike Greene's class allegations is **DENIED,** and, Bridgestone's motion to strike Greene's class allegations is **DENIED,** as well.

**I.    BACKGROUND**

      On March 17, 2010, Greene leased a 2010 BMW 335i convertible with Run Flats from Paul Miller BMW. FAC ¶ 26, ECF No. 38. The lease was assigned to BMW Financial Services NA, LLC, a BMW subsidiary. *Id.* ¶ 13.

      Within six months of his lease, Greene noticed a bubble in his left-rear Tire. Compl. ¶ 3, ECF No. 1. Within 14 months of his lease and 14,000 miles, Greene noticed a total of three bubbles in two different tires. *Id.* ¶ 5. The bubbles created "an unbearably rough ride . . . and excessively loud noise." *Id.* In spite of his concerns,

---

[1] Bridgestone Americas Tire Operations LLC was formerly known as Bridgestone Firestone North American Tire, LLC.

1

Greene purchased a new set of the Tires because BMW dealership employees told Greene that his 335i could not accommodate a different make and model of tire. *Id.* ¶ 43.

According to Greene, the Tires are "prone to deflate, pop, or sustain bubbles from driving on a normal road." *Id.* ¶ 25. Moreover, the Tires cannot be repaired for "even a small puncture." *Id.* In some cases, the same make and model Tires have "suffer[ed] catastrophic failure after mere months of use." *Id.* ¶ 43. Some BMWs equipped with the Tires "sustain[] four or more flat Tires in one year." *Id.* ¶ 43.

On July, 20, 2011, Greene filed a six-count putative class action Complaint against Bridgestone and BMW. ECF No. 1. Both Defendants moved to dismiss all claims and to strike the class allegations. The Court granted the motions to dismiss, dismissing some counts with prejudice and others without prejudice. *Greene v. BMW of North America*, No. 11-4220, 2012 WL 5986457, at \*\*3-5 (D.N.J. Nov. 28, 2012) ("*Greene I*"); *Greene v. BMW of North America*, No. 11-4220, 2012 WL 5986461, at \*\*4-7 (D.N.J. Nov. 28, 2012) ("*Greene II*"). The Court denied the motions to strike. *Id.* On December 28, 2012, Greene filed the FAC. ECF No. 38. On February 11, 2013, Defendants moved to dismiss all claims and to strike the class allegations. ECF Nos. 42, 43.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth*, 422 U.S. at 501.

A Complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## III. DISCUSSION

The FAC asserts the following claims against both BMW and Bridgestone: breach of the implied warranty of merchantability under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d)(1) (Counts I and II); violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-2 (Counts IV and V); breach of the implied warranty of merchantability under New Jersey's Uniform Commercial Code ("UCC"), N.J.S.A. § 12A:2A-212 (Counts VI and VII); and breach of the implied covenant of good faith and fair dealing (Counts IX and X). Greene asserts a claim for

breach of contract against BMW (Count VIII), and he also asserts a claim for breach of express warranty under the MMWA against Bridgestone (Count III). Both parties move to dismiss all claims and to strike the class allegations.

### A. BMW's Motion to Dismiss

#### 1. Breach of Implied Warranty of Merchantability: New Jersey UCC (Count VI)

Count VI is a claim for breach of the implied warranty of merchantability under New Jersey's UCC. BMW moves to dismiss Count VI, arguing that BMW provided Greene with a safe and reliable car. Based on the facts pled in the FAC, the Court cannot agree.

"Under an implied warranty of merchantability, a manufacture[r] warrants to deliver a product that is reasonably suitable for the ordinary uses it was manufactured to meet." *Green v. G.M.C.*, 2003 WL 21730592, at *6 (App. Div. 2003). "In the context of a car, this warranty is satisfied when the vehicle provides safe and reliable transportation." *Id.* The implied warranty of merchantability does not provide for perfection; "[i]nstead, it provides for a minimum level of quality." *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 282-83 (D.N.J. 2011) (internal citation and quotation omitted).

Greene claims that the Run Flat Tire is the only make and model tire that works with a 335i. Accordingly, Greene maintains that the 335i is only as safe and reliable as the Tires, which Greene claims are "prone to deflate, pop, or sustain bubbles from driving on a normal road, and cannot be repaired for even a small puncture." FAC ¶ 25. Greene further alleges that the Tires "suffer catastrophic failure after mere months of use," and that some "[BMWs] with the Tires sustain[] four or more flat Tires in one year." *Id.* ¶ 43. Similar allegations survived a motion to dismiss in *Marcus v. BMW of North America, LLC*. *See* Order Denying Motion to Dismiss, *Marcus v. BMW of North America, LLC*, No. 8-5859 (D.N.J. Dec. 22, 2009), ECF No. 118.

Hoping for a different result in this case, BMW points to *Sheris v. Nissan North America Inc.*, No. 7-2516, 2008 WL 2354908 (D.N.J. June 3, 2008). In *Sheris*, a plaintiff brought a breach of implied warranty claim alleging that his brake pads that wore out at 20,618 miles. The *Sheris* court dismissed the claim, holding that "[i]n light of the undisputed facts that Plaintiff was able to drive his [car] for 20,618 miles and for about two years before he needed to replace his brake pads and rotors, Plaintiff has failed to allege factually what made his G35 unmerchantable or unsafe for driving." *Id.* at *5. *Sheris* is distinguishable, as Greene is alleging that the Tires deflate or pop within months rather than years. *See* FAC ¶¶ 25, 43. The Court will **DENY** the motion to **DISMISS** Count VI.

3

2.   Breach of Implied Warranty of Merchantability: MMWA (Count I)

Count I is a claim for breach of the implied warranty of merchantability under the MMWA.  BMW concedes that if Greene has stated a claim for breach of the implied warranty of merchantability under state law, Greene has stated a claim for breach of the implied warranty of merchantability under the MMWA.  As discussed in the previous section, Greene has stated a claim for breach of the implied warranty of merchantability under the New Jersey UCC.  Accordingly, the Court will **DENY** BMW's motion to dismiss Count I.

3.   NJCFA (Count IV)

Count IV is a claim for fraud under the NJCFA.  In support of this claim, Greene argues that BMW "engaged in the unlawful practice of deceiving, misrepresenting, and concealing that fact [that] the Tires were problematic at the time of sale and lease of Plaintiff and class member's BMW vehicles."  Pl.'s Br. at 11 (citing FAC ¶¶ 45-51), ECF No. 44.  But Greene does not allege that BMW knew with certainty that the Tires would fail.  Accordingly, Greene has failed to state a claim under the NJCFA.  *See   Alban v. BMW of North America, LLC*, No. 9-5398, 2010 WL 3636253, at *10 (D.N.J. Sept. 8, 2010) ("[U]nless a defendant manufacturer knows with certainty that a product *will* fail, it does not violate the NJCFA by failing to inform its consumers of the *possibility* of failure."); *see also Glass v. BMW North America, LLC*, No. 10-529, 2011 WL 6887721, at *10 (D.N.J. Dec. 29, 2011) ("BMW NA did not know *with certainty* that its product would fail; therefore, it did not violate the NJCFA by failing to inform its consumers of the possibility of failure.").   The Court will **DISMISS** Count IV **WITHOUT PREJUDICE**.

4.   Breach of Contract (Count VIII) and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count IX)

Count VIII is a claim for breach of contract.  Count IX is a claim for breach of the implied covenant of good faith and fair dealing.  BMW moves to dismiss both counts, arguing that BMW Financial—not BMW—has a contract with Greene.  Greene maintains that BMW can still be held liable under Counts VIII and IX because "BMW injured Plaintiff's right to receive the fruits of the lease agreement by failing to replace the problematic Tires or allow Plaintiff to enjoy the Vehicle in the manner for which he bargained."  Pl.'s Br. at 7.  The Court is not persuaded by Greene's arguments.

"To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result."  *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007).  In New Jersey, every contract contains an implied covenant of good faith and fair dealing.  *Kalogeras v. 239 Broad Ave., L.L.C.*, 202 N.J. 349, 366 (2010).  Without an express or an implied contract with

the defendant, a plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing. *See Wade v. Kessler Institute*, 172 N.J. 327, 345 (2002) ("To the extent plaintiff contends that a breach of the implied covenant may arise absent an express or implied contract, that contention finds no support in our case law.").

Greene leased his car from Paul Miller BMW, and Paul Miller BMW assigned the lease to BMW Financial, not BMW. Because BMW is a not party to Greene's lease, Greene has not stated a claim for breach of contract. For the same reason, Greene has not stated a claim for breach of the implied covenant of good faith and fair dealing.

Finally, even if Counts VIII and IX were directed at the 335i's warranty, as opposed to the 335i's lease contract, Greene's claims would still fail because BMW's warranty did not cover the Tires. *See Greene I*, 2012 WL 5986457, at *3. The Court will **DISMISS** Counts VIII and IX **WITH PREJUDICE**.

### B. Bridgestone's Motion to Dismiss

#### 1. Breach of Express Warranty (MMWA) (Count III)

Count III is a claim for breach of express warranty under the MMWA. To state a claim for breach of express warranty under the MMWA, Greene must allege that Bridgestone "failed to perform its obligation to 'repair or replace' a warranted defect." *Greene II*, 2012 WL 5986461, at *4 (internal citation and quotation omitted). Bridgestone's Warranty requires Tire owners to bring their Tires to "authorized Bridgestone Firestone retailer[s]" for service. Bridgestone Warranty at 31, ECF No. 1-1. In the Court's prior opinion, the Court dismissed Greene's breach of warranty claim because Greene did not allege that he brought his Tires to an authorized Bridgestone Firestone retailer. *Id.* As the FAC makes no attempt to cure this defect, the Court will **DISMISS** Count III **WITH PREJUDICE**.

#### 2. Breach of Implied Warranty: New Jersey UCC (Count VII)

Count VII is a claim for breach of the implied warranty of merchantability under New Jersey's UCC. Bridgestone moves to dismiss both claims, arguing that it provided Greene with safe and reliable tires. For the reasons stated in Section III.A.1, the Court agrees. Accordingly, the Court will **DENY** the motion to dismiss Count VII against Bridgestone Americas Tire Operations LLC. For the independent reasons stated in Section III.B.6, the Court will **GRANT** the motion to dismiss Count VII against Bridgestone Americas Tires, Inc. **WITHOUT PREJUDICE**.

#### 3. Breach of Implied Warranty: MMWA (Count II)

Count II is a claim for breach of the implied warranty of merchantability under the MMWA. Bridgestone moves to dismiss Count II, arguing that Greene cannot state a

claim under the MMWA because Greene did not give Bridgestone a chance to fix his Tires. The Court agrees with Bridgestone's argument.

"[T]he MMWA provides that no legal action can be brought under its private right of action until the warrantor is given the opportunity to cure the violation." *McGarvey v. Penske Automotive Group*, No. 8-5610, 2011 WL 1325210, at *8 (D.N.J. March 31, 2011) (citing 15 U.S.C. § 2310(e)). Bridgestone's Warranty provided that Tires would be fixed at an authorized Bridgestone retailer for service. In the Court's prior opinion, the Court dismissed Count II because Greene did not allege that he brought his Tires to an authorized Bridgestone retailer. *Greene II*, 2012 WL 5986461 at *5. As the FAC similarly fails to allege that Greene brought his Tires to an authorized retailer, the Court will **DISMISS** Count II **WITH PREJUDICE**.

    4.  New Jersey Consumer Fraud Act (Count V)

Count V is a claim for fraudulent omissions under the NJCFA. Bridgestone moves to dismiss Count V, arguing that Bridgestone cannot be liable for omission-based fraud because Bridgestone did not have a fiduciary relationship or some other special relationship with Greene. Greene argues that Bridgestone can be liable for omission based fraud because Greene and Bridgestone had an "intrinsically fiduciary" relationship that "necessarily call[s] for perfect good faith and full disclosure, without regard to any particular intention of the parties." Pl.'s Br. at 15. Greene is mistaken.

Greene leased a BMW 335i with Bridgestone Tires from Paul Miller BMW. The purchase did not give rise to a fiduciary relationship, an intrinsically fiduciary relationship, or a special relationship of any kind between Greene and Bridgestone. *See Coba v. Ford Motor Co.*, No. 12-1622, 2013 WL 244687, at *12 (D.N.J. Jan. 22, 2013) (citing *Harvey v. Nissan North Am., Inc.*, No. C-12016-04, 2005 WL 1252341, at *4 (Ch. Div. Apr. 29, 2005). Accordingly, the Court will **DISMISS** Count V **WITH PREJUDICE**.[2]

    5.  Breach of the Implied Covenant of Good Faith and Fair Dealing (Count X)

Count X is a claim for breach of the implied covenant of good faith and fair dealing. Here, Greene alleges that Bridgestone prevented Greene from replacing his Tires, and also that Bridgestone crafted its warranty to ensure that it would never have to service or replace the Tires. Greene's wholly speculative allegations fail to state a claim upon which relief can be granted.

The covenant of good faith and fair dealing requires that contracting parties "refrain from doing anything which will have the effect of destroying or injuring the right

---

[2] Greene also argues that he has stated a claim for misrepresentation-based fraud under the NJCFA. But his failure to identify any material misrepresentations on the part of Bridgestone dooms any such claim.

of the other party to receive the benefits of the contract." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assoc.,* 182 N.J. 210, 225 (2005) (internal citation omitted). To establish a breach of the covenant of good faith and fair dealing, a plaintiff must show that "the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Id.* (internal citation omitted).

Greene argues that Bridgestone breached the implied covenant of good faith and fair dealing because it "denied [Plaintiff] the ability to replace the Tires." FAC ¶ 41. Bridgestone's warranty provided that Bridgestone tires would be serviced at "authorized Bridgestone Firestone retailer[s]." Bridgestone Warranty at 31, ECF No. 1-1. Greene did not bring his Tires to an authorized Bridgestone Firestone retailer. Greene's failure to follow instructions in the Bridgestone warranty does not establish a breach of the implied covenant of good faith and fair dealing.

Greene also argues that Bridgestone breached the implied covenant of good faith and fair dealing because Bridgestone "intentionally wrote the Warranty to limit [its] obligations to the point that [it] would essentially never be responsible for reimbursing or replacing the Tires, which [it] knew were problematic at the time of sale." FAC ¶¶ 38-39. As the FAC does not offer well-pled allegations that support this claim, Greene has not stated a claim for breach of the implied covenant of good faith and fair dealing. Accordingly, the Court will **GRANT** Bridgestone's motion to dismiss Count X. As it is conceivable that Greene could cure the deficiencies in Count X, the dismissal operates **WITHOUT PREJUDICE**.

### 6. Collective Allegations Against the Bridgestone Defendants

Finally, Bridgestone moves to dismiss the FAC because the FAC "fail[s] to properly inform each defendant [Bridgestone Americas Tire Operations LLC and Bridgestone Americas Inc.] of its allegedly wrongful conduct." Bridgestone's Br. at 25, ECF No. 42-7. Here, Bridgestone notes that the FAC's well-pled allegations appear to be directed at Bridgestone Americas Tire Operations LLC, the company that was party to the Bridgestone warranty, and not at Bridgestone Americas Inc., which the FAC describes as a holding company. FAC ¶ 15. Because Greene's allegations appear not to concern Bridgestone Americas, Inc., the Court will **DISMISS** the claims against Bridgestone Americas, Inc. **WITHOUT PREJUDICE**.

Bridgestone also argues that the FAC should be dismissed because it often fails to distinguish between Bridgestone and BMW. The Court rejects this argument because it finds that the FAC sufficiently distinguishes between the Defendants.

### C. Motions to Strike the Class Allegations

BMW and Bridgestone both move to strike the class allegations from the FAC under Federal Rule of Civil Procedure 12(f). Given the early stage of the proceedings, the Court finds that Defendants' motions are premature. *See, e.g.*, *Ehrhart v. Synthes*,

No. 7-01237, 2007 WL 4591276, at *3 (D.N.J. Dec. 28, 2007); *Andrews v. Home Depot U.S.A., Inc.*, 2005 WL 1490474 (D.N.J. 2005); *Myers v. Medquist, Inc.*, 2006 WL 3751210 (D.N.J. 2006).  Defendants' request to strike the class allegations is therefore **DENIED**.  Defendants may renew their arguments in response to a motion for class certification.

## IV.     CONCLUSION

The Court will **GRANT** BMW's motion to dismiss **IN PART**, and **DENY** it **IN PART**.  Count IV is **DISMISSED WITHOUT PREJUDICE**, and Counts VIII and IX are **DISMISSED WITH PREJUDICE**.  Counts I and VI survive.

The Court will **GRANT** Bridgestone's motion to dismiss **IN PART**, and **DENY** it **IN PART**.  Count X is **DISMISSED WITHOUT PREJUDICE** against both Bridgestone Defendants, and Counts II, III, and V are **DISMISSED WITH PREJUDICE** against both Bridgestone Defendants.  Count VII is **DISMISSED WITHOUT PREJUDICE** against Bridgestone Americas Inc.  Count VII survives against Bridgestone Americas Tire Operations LLC.

The Court will **DENY** BMW and Bridgestone's motions to strike the class allegations.  The Court will provide Greene with 30 days in which to file a Second Amended Complaint consistent with this opinion.  An appropriate order follows.

          /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 16, 2013**