UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID GREENE,**<br><br>          **Plaintiff,**<br><br>     v.<br><br>**BMW OF NORTH AMERICA,** *et al.***,**<br><br>          **Defendants.** | Civ. No. 2:11-04220 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      This is a putative consumer class action involving tires.  Plaintiff David Greene alleges that the Potenza Run Flat Tires in his leased BMW 335i convertible (the "335i") provided Greene with an unreliable and dangerous ride. Now before the Court are two motions.  First, Bridgestone Americas Tire Operations LLC ("Bridgestone") and BMW of North America, LLC ("BMW") (together "Defendants") move, respectively, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 12(c) to dismiss the class allegations in Greene's Second Amended Complaint.  Second, BMW (but not Bridgestone) moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count IV of Greene's Second Amended Complaint, which asserts a violation of the New Jersey Consumer Fraud Act.  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendants' motions are **DENIED**.

**I.     BACKGROUND**

      Greene alleges as follows:  On March 17, 2010, Greene leased a 2010 BMW 335i convertible from Paul Miller BMW.  Second Amended Complaint ("SAC") ¶ 25, ECF No. 53.  The 335i was equipped with Bridgestone Potenza Run Flat Tires ("Run Flats" or "the Tires").  *Id.* ¶¶ 1, 26-27.  Months after he entered into his lease, Greene noticed bubbles in the sidewalls of three of his tires.  *Id.* ¶ 27.  Greene alleges, upon information and belief, that BMW "knew with certainty that the Tires would fail."  *Id.* ¶ 26.

      On July, 20, 2011, Greene filed a six-count putative class action Complaint against Defendants.[1]  ECF No. 1.  Defendants moved to dismiss all claims and to strike the class allegations.  ECF Nos. 14, 19.  On November 28, 2012, the Court ruled on all four motions.  The Court dismissed some counts of the Complaint with prejudice, and the

---

[1]     Also named as Defendants were Bridgestone Firestone North American Tire, LLC and Bridgestone Americas, Inc.

1

Court dismissed other counts without prejudice. *Greene v. BMW of North America* ("*Greene I*"), No. 11-4220, 2012 WL 5986457, at \*\*2-5 (D.N.J. Nov. 28, 2012); *Greene v. BMW of North America* ("*Greene II*"), No. 11-4220, 2012 WL 5986461, at \*\*4-7 (D.N.J. Nov. 28, 2012). Next, the Court denied the motions to strike on mootness grounds. *Greene I*, 2012 WL 5986457, at \*5; *Greene II*, 2012 WL 5986461 at \*7.

On December 28, 2012, Greene filed a putative class action First Amended Complaint ("FAC"). ECF No. 38. According to the first paragraph of the FAC, Greene sought to certify

> a nationwide class and New Jersey Sub-Class . . . of consumers who purchased or leased a 2009, 2010, 2011 and 2012 BMW vehicles (the "Vehicles") that came equipped with Bridgestone Potenza run-flat tires (the "Tires") and *whose tires had to be prematurely replaced as a result of their significantly reduced useful life as compared with other similar run-flat tire brands*.

FAC ¶ 1 (emphasis added). According to the "Class Allegations" section of the FAC, Greene sought to certify a nationwide class composed of

> All citizens of the United States who are current and former owners and/or lessees of 2009, 2010, 2011 or 2012 BMW vehicles that were factory-equipped with Bridgestone Potenza run-flat tires and were purchased and/or leased from an authorized BMW dealership in the United States (including persons and business entities) between 2008 and 2012.

FAC ¶ 56. According to the "Class Allegations" section of the FAC, Greene also sought to certify a similarly constituted New Jersey sub-class.

On February 11, 2013, Defendants moved to dismiss all claims in the FAC, and also to strike the FAC's class allegations. ECF Nos. 42, 43. The Court granted the motions to dismiss in part. *Greene v. BMW of North America* ("*Greene III*"), No. 11-4220, 2013 WL 5287314, at \*\*2-6 (D.N.J. Sept. 17, 2013). Of note for present purposes, the Court dismissed Greene's New Jersey Consumer Fraud Act ("NJCFA") claim against BMW without prejudice because Greene failed to allege that BMW knew with certainty that the Tires would fail. *Id.* at \*5. Finally, the Court denied the motion to strike the class allegations as premature. *Id.* at \*7.

On October 8, 2013, Greene filed a putative class action Second Amended Complaint, or "SAC." According to the first paragraph of the SAC, Greene sought to bring class action claims

> on behalf of a nationwide class and New Jersey Sub-Class . . .of consumers who purchased or leased a 2009, 2010, 2011 and 2012 BMW vehicles (the "Vehicles") that came equipped with Bridgestone Potenza run-flat tires (the "Tires") and *whose tires had to be replaced after going flat*.

2

SAC ¶ 1 (emphasis added).  According to the "Class Allegations" section of the SAC, Greene sought to certify a nationwide class and a New Jersey subclass identical to the classes described in the Class Allegations section of the FAC.  *Id.* ¶¶ 55-56.

On November 7, 2013, BMW moved to dismiss the SAC's class allegations and to dismiss the NJCFA claim.  ECF No. 56.  On November 8, 2013, Bridgestone joined in BMW's motion to dismiss the class allegations.  ECF No. 60.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth*, 422 U.S. at 501.

A Complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility."  *Id.*

Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law."  *Sikirica v. Nationwide Insurance Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citing *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)).  The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  *Id.*

## III.   DISCUSSION

The Court begins by addressing Defendants' motions to dismiss the class allegations, and the Court then turns to BMW's motion to dismiss the NJCFA claim.

Defendants argue that the SAC's class allegations should be dismissed because Greene is not a member of the class he wants to represent.  The Third Circuit has recognized that it is "axiomatic that a lead plaintiff must fit the class definition."  *See Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 360 (3d Cir. 2013).  In paragraph 1 of the SAC, Greene refers to a class of lessors and purchasers of BMW's "whose tires had to be replaced after going flat."  SAC ¶ 1.  Defendants note that Greene never alleges that his Tires went flat.  Accordingly, Defendants argue that Greene does not fit the class definition.  Greene does not dispute this argument.  Instead, he claims that he made a

3

"clerical error" when he amended the FAC. ECF No. 65 at 10 n.2, ECF No. 66 at 4 n.2. The Court accepts this representation. Unlike the paragraph 1 of the SAC, paragraph 1 of the FAC makes no mention of flat Tires. Instead, it refers to "tires [that] had to be prematurely replaced as a result of their significantly reduced useful life as compared with other similar run-flat tire brands." FAC ¶ 1. The Court will allow Greene to file a Third Amended Complaint that replaces that text in paragraph 1 of the SAC with the text Greene used in paragraph 1 of the FAC.

Finally, Bridgestone argues that the class allegations should be dismissed based on the Third Circuit's decision in *Marcus v. BMW of North America, LLC*, 687 F.3d 583 (3d Cir. 2012). In its prior opinion, the Court held that it was premature to address similar arguments at the motion to dismiss stage. *Greene III*, 2013 WL 5287314, at *7. The Court has not changed its mind. Accordingly, Defendants' motions to dismiss Greene's class allegations are **DENIED**.

Next, the Court turns to BMW's motion to dismiss Greene's NJCFA claim. In its prior opinion, the Court dismissed Greene's NJCFA claim against BMW because Greene failed to allege that BMW knew with certainty that the Tires would fail. *Id.* at *3. The SAC cures this defect: it alleges, upon information and belief, that BMW "knew with certainty that the Tires would fail." SAC ¶ 26. BMW argues that Greene has not stated an NJCFA claim because his "information and belief" allegation does not satisfy the plausibility pleading requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This argument fails. As the Second Circuit has recognized, "[t]he *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotations and citations omitted). Here, if evidence exists that BMW knew about problems with the Tires, that evidence is in BMW's control. Given this fact, and given that Greene has stated a claim for breach of implied warranty, the Court finds it would be improper to dispose of Greene's NJCFA claim at this stage of the litigation. Accordingly, BMW's motion to dismiss Greene's NJCFA claim is **DENIED**.

### IV. CONCLUSION

The Court will **DENY** Defendants' motions to dismiss the class allegations in the SAC. The Court will **DENY** BMW's motion to dismiss Greene's NJCFA claim. The Court will grant Greene seven days in which to file a Third Amended Complaint as directed in this Opinion. An appropriate order follows.

s/William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 6, 2014**